LAY, Circuit Judge,
concurring and dissenting.
I agree that the law applicable at the time of sentencing must be applied for ex post facto reasons, that a “strong desire to adopt” a child does not make a person “unusually vulnerable,” and furthermore that the government failed to demonstrate that Stover and Chandi “targeted” people on a selective basis of infertility under U.S.S.G. § 3A1.1 & comment, (n. 1) (Nov. 1994).
Although the amount of restitution lies within the discretion of the trial judge, this is a case, in light of the facts and circumstances, in which the amount of restitution required of Stover was an abuse of discretion. The victims’ total loss exceeded $500,-000, Stover’s personal take was $250,000, and the court made no finding that she personally was unable to pay a larger amount of restitution. The case should be remanded to require Stover to pay restitution in either the full amount of the loss or the amount of Stover’s ill-gotten gains.